```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

DANIEL CARRERO, ET AL.,

         Plaintiffs,       Case No. 8:15-cv-2915-T-33EAJ
v.

CITIMORTGAGE, INC.,

         Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Plaintiffs Daniel Carrero and Pamela Carrero's Motion to Strike Defendant's Affirmative Defenses (Doc. # 20), which was filed on March 8, 2016. Defendant Citimortgage, Inc. filed a Response in Opposition to the Motion on March 21, 2016. (Doc. # 24). For the reasons that follow, the Court denies the Motion.

**I.   Background**

The Carreros filed their Verified Complaint against Citimortgage in State Court on November 16, 2015, alleging the following counts: (1) Negligent Misrepresentation; (2) Fraudulent Misrepresentation; (3) Constructive Fraud; (4) Violation of 12 C.F.R. § 1024; (5) Violation of 12 C.F.R. § 1026; (6) Promissory Estoppel; (7) Illegal Consumer Collection; (8) Fair Debt Collection Practices Act; (9) Violation of the Real Estate Settlement Procedures Act; (10)

Failure to Provide Notice of New Creditor; and (11) Violation of Florida Statute §§ 559.715.

On December 22, 2015, Citimortgage removed the case to this Court based on the presentation of a federal question. (Doc. # 1). Citimortgage filed its Answer and Affirmative Defenses on February 15, 2016, enumerating thirteen defenses. (Doc. # 16). The Carreros seek an Order striking each defense and, in the alternative, an Order requiring Citimortgage to provide a more definite statement of each defense. The defenses follow:

> **First Affirmative Defense**
> Plaintiffs' Verified Complaint and Demand for Jury Trial, and each count thereof, fails to state a cause of action upon which relief can be granted against CITIMORTGAGE for failure to allege sufficient ultimate facts to support any alleged claim and any alleged damages of Plaintiffs are too speculative and are not plead with particularly.
> **Second Affirmative Defense**
> Plaintiffs have suffered no damages as a result of any acts or omissions of CITIMORTGAGE.
> **Third Affirmative Defense**
> Plaintiffs are precluded from recovery in this action as any alleged violation of the law or damages suffered by Plaintiffs were due to the affirmative actions and/or omissions of persons, entities, forces and/or things over which CITIMORTGAGE has no control, and do not give rise to any claim of damages against CITIMORTGAGE.
> **Fourth Affirmative Defense**
> Plaintiffs' claims against CITIMORTGAGE, if any, are barred, in whole or in part, by the applicable statutes of limitations, statutes of repose, and/or the doctrines of laches, consent, waiver, res judicata, claim preclusion, and estoppel.

### Fifth Affirmative Defense

Plaintiffs had a duty to mitigate any damages from which Plaintiffs claim to have suffered, which failure bars or reduces any recovery by Plaintiffs herein.

### Sixth Affirmative Defense

CITIMORTGAGE is entitled to a setoff from any damages actually incurred by Plaintiffs in relation to the amount Plaintiffs owe CITIMORTGAGE, plus interest, attorneys' fees and costs.

### Seventh Affirmative Defense

CITIMORTGAGE states that any alleged statutory damages incurred by Plaintiffs cannot exceed $1,000.00 per action and is otherwise limited by the provisions of Florida Statute Section 559.77 and all other federal and state law.

### Eighth Affirmative Defense

CITIMORTGAGE states that Plaintiffs fail to state a cause of action for alleged violation of Florida Statute Section 559.715 in that there exists no private cause of action in relation to such statute.

### Ninth Affirmative Defense

CITIMORTGAGE states that Plaintiffs fail to state a cause of action for misrepresentation or promissory estoppel in that Plaintiffs lack justifiable reliance and cannot prove justifiable reliance upon any representations or misrepresentations of CITIMORTGAGE.

### Tenth Affirmative Defense

CITIMORTGAGE states that any alleged damages of Plaintiffs, if any, were caused fully or in part by the actions, inactions, or negligence of Plaintiffs and as a result of Plaintiffs' comparative fault. Plaintiffs' claims are either barred or reduced by the extent of Plaintiffs' comparative fault.

### Eleventh Affirmative Defense

CITIMORTGAGE states that Plaintiffs fail to state any cause of action in that any violation of Florida Section 559.55, et seq., was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**Twelfth Affirmative Defense**

CITIMORTGAGE states that Plaintiffs fail to state a cause of action for alleged violation of 12 C.F.R. 1024.41 in that there exists no private cause of action in relation to such regulation. Specifically, the regulation states, "Nothing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option. Nothing in § 1024.41 should be construed to create a right for a borrower to enforce the terms of any agreement between a servicer and the owner or assignee of a mortgage loan, including with respect to the evaluation for, or offer of, any loss mitigation option or to eliminate any such right that may exist pursuant to applicable law." 12 C.F.R. § 1024.41(a); see also Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2012).

**Thirteenth Affirmative Defense**

CITIMORTGAGE states that Plaintiffs fail to state a cause of action for alleged violation of 15 U.S.C. § 1641(g) in that there exists no private cause of action in relation to any alleged action by CITIMORTGAGE. See Reed v. Chase Home Fin., LLC, 723 F.3d 1301, 1303 (11th Cir. 2013).

(Doc. # 16 at 18-21). In the Motion to Strike, the Carreros indicate that Citimortgage has agreed to withdraw the Second, Third, and Seventh Affirmative Defense. (Doc. # 20 at 16).

## II.  Legal Standard

Affirmative defenses are subject to the general pleading requirements of Rule 8. Rule 8(b)(1)(A), Fed. R. Civ. P., requires that a party "state in short and plain terms its defenses to each claim asserted against it." Affirmative defenses challenged by a motion to strike are also evaluated against the touchstone of Rule 12(f), Fed. R. Civ. P., which

-4-

provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." <u>Royal Ins. Co. of Am. v. M/Y Anastasia</u>, No. 95-cv-30498, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997).  Further, as stated in <u>Florida Software Systems v. Columbia/HCA Healthcare Corp.</u>, No. 8:97-cv-2866, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." <u>Ayers v. Consol. Constr. Servs. of SW Fla., Inc.</u>, 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." <u>Fla. Software Sys.</u>, 1999 U.S. Dist. LEXIS 15294, at *4.

## III. Analysis

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." Bluewater Trading, LLC v. Willmar USA, Inc., No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1302 (11th Cir. 1999).

Rule 8(c)(1) includes a list of affirmative defenses, such as accord and satisfaction, estoppel, laches, res judicata, statute of limitations, and waiver. As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553 (2007), and state a plausible defense. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### A. First Affirmative Defense

In its First Affirmative Defense, Citimortgage asserts that the Complaint fails to state a cause of action. The Carreros have not persuaded the Court that it is necessary to

strike this Defense. In <u>Colon v. Wal-Mart Stores, Inc.</u>, No. 2:13-cv-464-FtM-29DNF, 2014 U.S. Dist. LEXIS 54972, at *6 (M.D. Fla. Apr. 21, 2014), the court determined that "Failure to state a claim upon which relief may be granted is a proper affirmative defense." Likewise, in <u>Hernandez-Hernandez v. Hendrix Produce, Inc.</u>, No. 6:13-cv-53, 2014 U.S. Dist. LEXIS 23662, at *9 (S.D. Ga. Feb. 24, 2014), the court denied a motion to strike where the plaintiff contended that failure to state a claim can only be made at the Rule 12(b)(6) motion to dismiss stage. The court explained, "The Rule's plain text requires only that if a defendant chooses to file a motion, he must do so before submitting a responsive pleading. . . . The Court notes that Defendants were entitled to assert the substance of this defense [failure to state a claim] in their Answer." <u>Id.</u>

Finding no prejudice to the Carreros with respect to the First Affirmative Defense, the Court denies the Motion to Strike as to the First Affirmative Defense.

**B.  Fourth Affirmative Defense**

Citimortgage asserts in its Fourth Affirmative Defense that the Carreros' claims are barred by the applicable statute of limitations, the doctrine of laches, or through consent, waiver, res judicata, claim preclusion or estoppel. The

Fourth Affirmative Defense arrays true affirmative defenses that comport with Federal Rule of Civil Procedure 8(c)(1).

An affirmative defense must be pled in accordance with Federal Rule of Civil Procedure 8(b), which provides that a party must state in short and plain terms its defenses to each claim asserted against it. Citimortgage's defenses pursued in its Fourth Affirmative Defense are sufficient to place the Carreros on notice, do not prejudice the Carreros, are not insufficient as a matter of law, and generally pass muster under Rule 8.  The Court accordingly denies the Motion to Strike as to the Fourth Affirmative Defense.

### C. Fifth Affirmative Defense

In its Fifth Affirmative Defense, Citimortgage asserts that the Carreros failed to mitigate their damages. The Carreros move to strike this Defense; however, the Carreros have not demonstrated that mitigation is inapplicable to claims for actual damages, such as those presented in this suit.  Failure of mitigation is not invalid as a matter of law, nor is it irrelevant or prejudicial. See George v. Leading Edge Recovery Sols., LLC, No. 8:13-cv-484-T-24TBM, 2013 U.S. Dist LEXIS 100602, at *5 (M.D. Fla. July 18, 2013)(denying motion to strike affirmative defenses, including failure to mitigate damages, in a consumer collections case).

-8-

The Court accordingly denies the Motion to Strike the Fifth Affirmative Defense.

**D.     Sixth Affirmative Defense**

Citimortgage asserts set-off as its Sixth Affirmative Defense. Citimortgage contends that set-off is applicable to this action as "any sums owed by Plaintiffs to Defendant, shall reduce any amount Defendant may owe Plaintiffs." (Doc. # 24 at 6). Here, the Carreros have ceased making mortgage payments and have sued Citimortgage in connection with Citimortgage's attempts to secure mortgage payments. The mere assertion of set-off in this context is sufficient to give the Carreros fair notice of the contours of this defense.

As was the case in Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668 (S.D. Fla. 2013), the Carreros are "doubtless aware of any funds [they] may have received from Defendant[] and the relevance of such funds to this action. This defense thus causes no prejudice to Plaintiff[s]." The Court accordingly denies the Motion to Strike as to Citimortgage's Sixth Affirmative Defense.

**E. Eighth, Twelfth and Thirteenth Affirmative Defenses**

Citimortgage's Eighth, Twelfth, and Thirteenth Affirmative Defenses assert that there is no private right of action under Florida Statute § 559.715, 12 C.F.R. § 1024.41,

and 15 U.S.C. § 1641(g), respectively. Citimortgage has included in these defenses citations to binding cases, such as Miller v. Chase Home Finance, LLC, 677 F.3d 1113, 116 (11th Cir. 2012)(holding that there is no private right of action under the Home Affordable Modification Program (HAMP) and Emergency Economic Stabilization Act of 2008 (EESA)).

Among other arguments, the Carreros contend: "Because failure to state a cause of action is not an affirmative defense, th[ese] defense[s] fail[] as a matter of law and must be stricken." (Doc. # 20 at 9). The Court disagrees and will not deploy the drastic and draconian sanction of striking the Eighth, Twelfth, and Thirteenth Defenses. These defenses provide the Carreros with notice of Citimortgage's position "that there is a legal inadequacy in their lawsuit." (Doc. # 24 at 7). As explained in Ohio National Life Assurance Corp. v. Langkau, No. 3:06-cv-290, 2006 U.S. Dist. LEXIS 60062, at *6-7 (M.D. Fla. Aug. 15, 2006):

> In attempting to controvert an allegation in the complaint, the defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology. The federal

> courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.

Id. (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1269 (2d ed. 1991), pp. 409-10). The Eighth, Twelfth, and Thirteenth Defenses, while not true affirmative defenses, are treated as specific denials. They are sufficient to place the Carreros on notice regarding Citimortgage's contentions and are not subject to being stricken as irrelevant or prejudicial. The Court accordingly denies the Motion to Strike with respect to the Eighth, Twelfth, and Thirteenth Affirmative Defenses.

### F. Ninth Affirmative Defense

The Carreros' Complaint contains claims for misrepresentation and promissory estoppel. (Doc. # 1). In support of these claims, the Complaint alleges that the Carreors justifiably and reasonably relied on misrepresentations made by Citimortgage. (Doc. # 1 at ¶¶ 58, 132).

In its Ninth Affirmative Defense, Citimortgage asserts a lack of justifiable reliance on the part of the Carreros. Thus, Citimortgage is attempting, through its Ninth Affirmative Defense, to negate a required element for the Carreros' aforementioned claims. The Carreros are correct in

-11-

their assertion that the Ninth Affirmative Defense is not a "true" affirmative defenses. However, the Court declines to strike such Defense.

The Ninth Affirmative Defense is relevant to the claims that are asserted in this case, causes no prejudice to the Carreros and places the Carreros on notice regarding Citimortgage's contentions. The Court interprets the Ninth Affirmative Defense as a denial. See Muschong v. Millennium Physician Grp., LLC, No. 2:13-cv-705-FtM-38CM, 2014 U.S. Dist. LEXIS 41005 (M.D. Fla. Mar. 27, 2014)("the proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial."). The Motion to Strike is accordingly denied as to the Ninth Affirmative Defense.

### G. Tenth Affirmative Defense

Citimortgage asserts the defense of comparative fault in its Tenth Affirmative Defense. The Carreros contend that "Defendant has made bare bones conclusory allegations without providing any facts in support of its affirmative defense. Defendant was required to provide Plaintiffs fair notice of the nature of its defense, but Defendant failed to allege any supporting facts or even the counts for which this defense is alleged." (Doc. # 20 at 11). In response, Citimortgage

indicates this defense "definitively applies to Plaintiff's negligent misrepresentation claim" and that the "nature of that [comparative] fault, if any, is presently unknown," (Doc. # 24 at 8).

After due consideration, the Court determines that this defense should not be stricken. The defense is not legally insufficient, nor is it irrelevant or prejudicial. The Motion to Strike is accordingly denied as the Tenth Affirmative Defense.

### H.  **Eleventh Affirmative Defense**

Citimortgage has asserted as its Eleventh Affirmative Defense to the Carreros' claims under Florida Statute § 559.55 (the Florida Consumer Collection Practices Act), that Citimortgage's violation of the statute (if any) was the result of a bona fide error. This Defense raises relevant and substantial legal and factual theories touching on the issues which will be litigated in this case if it is not sooner settled. In addition, the Court determines that the Defense relates squarely to the controversy, does not confuse the issues, and does not cause prejudice to any party. The Court thus denies the Motion to Strike as to the Eleventh Affirmative Defense.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs Daniel Carrero and Pamela Carrero's Motion to Strike Defendant's Affirmative Defenses (Doc. # 20) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of April, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE